UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE J. STYLES and CHUCK M. STYLES,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>Defendants. | No. 2:17-cv-01947 TLN AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding in this matter pro se, and pre-dispositional proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Pending are motions to dismiss from defendant Bank of America, N.A. ("BoA") (ECF No. 5) and defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Select Portfolio Servicing, Inc. ("Select Portfolio") (ECF No. 7), as well as a motion to declare plaintiffs vexatious litigants (ECF No. 10) brought by Deutsche Bank and Select Portfolio. Plaintiffs responded to each motion. ECF Nos. 16, 17, and 18. Defendants submitted reply briefing. ECF Nos. 23, 24. Oral argument on all motions took place on November 29, 2017, with all parties present. ECF No. 25. Based on a review of the record, the court recommends the motions to dismiss be GRANTED and the motion to declare plaintiffs vexatious litigants be DENIED.

////

# I. BACKGROUND

## A. <u>Allegations of the Complaint</u>

Plaintiffs Adrienne Styles and Chuck Styles bring claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 78(c) Section 10. ECF No. 1 at 11. Although the caption of the complaint indicates claims for breach of contract, fraud and negligent misrepresentation, "void order" and "void writ order," no independent causes of action on these grounds are asserted in the body of the complaint. Rather, allegations of fraudulent conduct and other misconduct are presented in support of a single cause of action under TILA. ECF No. 1 at 1.

Plaintiffs assert that Adrienne Styles holds a Deed of Trust ownership and her spouse Chuck Styles holds an Interspousal Deed transfer ownership over property commonly known as 4260 Greenstone Rode, Placerville, CA 95667-9703 ("the Property"). ECF No. 1 at 4. Plaintiffs allege that on January 25, 2006, when the loan transaction for the Property originated with "First Franklin A Division of Nat City Bank of IN" ("First Franklin") the actual lender was "not known or identified." ECF No. 1 at 7. Plaintiffs allege that such "lack of full disclosure" was a violation of TILA. <u>Id.</u>

Plaintiffs allege that on or about May 9, 2008, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for the original lender First Franklin, executed an Assignment of Deed of Trust, recorded and filed on May 15, 2008 in El Dorado County, assigning the Deed of Trust to Deutsche Bank. <u>Id.</u> at 8. Plaintiffs further allege that on or about August 23, 2011, MERS, acting as nominee for First Franklin, executed a second assignment of the Deed of Trust to Deutsche Bank. <u>Id.</u> Plaintiffs assert the purpose of the second assignment was to establish the "Original Trustee" as "Placer Title" assigned over to Deutsche Bank.

According to plaintiffs, on or about October 11, 2012, ReconTrust Company, N.A., which operates as a subsidiary of defendant BoA, foreclosed on the Property. ECF No. 1 at 9. Prior to the foreclosure sale, the sale date was postponed four times. <u>Id.</u> Plaintiffs filed a Wrongful Foreclosure Action in California Superior Court, Case No. PC20120487, on October 11, 2012, which was denied in Appeal Case No. C075117. <u>Id.</u>

On or about January 27, 2014 defendant Deutsche Bank filed an unlawful detainer action

in California Superior Court, Case No. PCU20140018, for which an immediate order for writ of possession was granted on May 23, 2014. Id. at 10. An order was also entered in Superior Court Case No. PC20140244 on October 16, 2015 related to the unlawful detainer action. Id. Plaintiffs allege Deutsche Bank may not have had the right to bring the unlawful detainer actions because it "remains in question" whether Deutsche Bank had a "duly perfected title." Id.

On March 4, 2015, defendant BoA notified Adrienne Styles by letter to direct all correspondence related to the Property to Select Portfolio. ECF No. 1 at 10. According to plaintiffs, BoA specifically stated that servicing for the Property was transferred to Select Portfolio. Id.

B. The Claims

As discussed above, plaintiffs bring a single claim for violations of TILA, 15 U.S.C. § 78(c). ECF No. 1 at 11. Plaintiffs allege that there were "fraudulent disclosures" at the initiation of the loan on the Property because the "actual lender was not known or identified." Id. Plaintiffs seek rescission of prior state court orders related to the foreclosure sale of the Property. Id. at 12.

II. MOTIONS TO DISMISS

Defendants seek to dismiss the complaint against them on the grounds that the TILA claim is time-barred, and thus the complaint fails to state a claim. ECF No. 5 at 3, ECF No. 7 at 8-9.[1] Plaintiffs assert that equitable tolling on their TILA claim is proper due to fraudulent disclosures.

A. Dismissal Standards

The parties have moved dismiss based upon Rule 12(b)(6). However, since the motions are predicated[2] upon 15 U.S.C. § 1635(f), which is a jurisdictional statute of repose, the court

---

[1] Defendants Deutsche Bank and Select Portfolio also seek to dismiss the complaint against them on the grounds of res judicata. ECF No. 7 at 7. Because the time bar is dispositive and requires a dismissal of this case with prejudice, the issue of res judicata is not addressed.

[2] It is not entirely clear from the complaint whether plaintiffs seek rescission of the loan or damages under TILA. The court analyses the motion to dismiss under the time limitation for rescission because it is the more generous standard and because plaintiffs focus on rescission in their responsive briefing (ECF No. 16). To the extent plaintiffs intended to seek damages, the

3

must also consider the standards applicable to Rule 12(b)(1) motions to dismiss for lack of jurisdiction.³

1. *Rule 12(b)(1) Standards*

To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Harris v. Rand, 682 F.3d 846, 850-51 (9th Cir. 2012). Assuming compliance with those standards, the plaintiff's factual allegations will ordinarily be accepted as true unless challenged by the defendant. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 107 (3d ed.2004).

Under Rule 12(b)(1), a "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013).

In this case, defendants have mounted a "facial" attack, because they base the attack on the face of the complaint, together with matters that may be considered by the court through

---

result of the analysis would be the same – claims for damages under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640.

³ The three-year period imposed by 15 U.S.C. § 1635(f), upon which the parties' motions rest, is not just a statute of limitations, it is a statute of repose. McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1326 (9th Cir. 2012) ("15 U.S.C. § 1635(f) is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan secured by the first trust deed"). Therefore, once the three-year clock runs out, the right of rescission is completely extinguished, and deprives this court of jurisdiction to hear a claim based upon the alleged rescission. Beach, 523 U.S. at 412 ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (the expiration of the 3-year period "depriv[es] the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period").

judicial notice. Specifically, defendants argue that the Deeds of Trust for plaintiff's loan show that plaintiff's lawsuit was filed more than three years from the date the loan was made. ECF No. 6. Because defendants make a facial attack, the court will use the 12(b)(6) standard for dismissal.

2. *Rule 12(b)(6) Standards*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the Complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

1          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

2  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

3  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

4  of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

5  2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

6  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

7  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

8          B.      Requests for Judicial Notice

9          "A court shall take judicial notice if requested by a party and supplied with the necessary

10  information."  Fed. R. Evid. 201(d).  "A judicially noticed fact must be one not subject to

11  reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

12  trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

13  cannot reasonably be questioned."  Fed. R. Evid. 201(b).

14          Even where a document is not subject to judicial notice, however, the court may still

15  consider a document proffered for judicial notice, if it qualifies under the "incorporation by

16  reference" doctrine.  "[T]he "incorporation by reference" doctrine...permits us to take into

17  account documents "whose contents are alleged in a complaint and whose authenticity no party

18  questions, but which are not physically attached to the [plaintiff's] pleading."  Knievel v. ESPN,

19  393 F.3d 1068, 1076 (9th Cir. 2005) (quoting Janas v. McCracken (In re Silicon Graphics Inc.

20  Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999)).  The Ninth Circuit has extended the doctrine to

21  situations in which the plaintiff's claim depends on the contents of a document, the defendant

22  attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of

23  the document, even though the plaintiff does not explicitly allege the contents of that document in

24  the complaint.  Knievel, 393 F.3d at 1076.

25          The court takes judicial notice of all exhibits submitted in BoA's request for judicial

26  notice.  ECF No. 6.  These documents include: (1) a copy of the January 25, 2006 recorded deed

27  of trust ("DOT") obtained by plaintiff Adrienne Styles for the Property, showing "First Franklin,

28  a Division of Nat. City Bank of Indiana" as the lender; (2) a copy of the November 30, 2011

Notice of Default and Election to Sell Under Deed of Trust issued to plaintiff Adrienne Styles and the accompanying Notice of Default Declaration; (3) a copy of the Notice of Trustee's Sale pertaining to the Property, recorded on May 16, 2012; (4) a copy of the Assignment of Deed of Trust recorded on May 15, 2008; (5) a copy of the Assignment of Deed of Trust recorded August 21, 2011; and (6) a copy of the Trustee's Deed Upon Sale recording conveyance of the Property on January 31, 2006. Id.

### C. Statute of Limitations

TILA provides that "in the case of any consumer credit transaction," which includes the home equity loan at issue here, the borrower "shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635(a). What is intended by this is that "the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411 (1998).

However, if the lender is late in delivering the required disclosure forms, the right of rescission persists for up to three years past the date the loan is consummated. 15 U.S.C. § 1635(f). At the end of that three year period, the borrower's right of rescission expires even if the lender never provides the required disclosures. Beach, 523 U.S. at 413 (TILA provides "that the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made").

Moreover, the three-year period is not a statute of limitations, but a statute of repose. McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1326 (9th Cir. 2012) ("15 U.S.C. § 1635(f) is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan secured by the first trust deed"). What this means is that once the three-year clock runs out, the right of rescission is completely extinguished, and the court is deprived of jurisdiction to hear a claim based upon the rescission.

Beach, 523 U.S. at 412 ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (the expiration of the 3-year period "depriv[es] the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"), cert. denied, 539 U.S. 927 (2003).

### 1. "Consummation" of a loan under TILA

In order for the court to determine whether the right of rescission has been extinguished by the three-year statute of repose, it must know when the statute of repose clock started ticking. Defendants argue that the clock started in January of 2006, when the loans were made. ECF No 5. at 7. In support, they cite the DOT (of which the court has taken judicial notice), dated January 25, 2006. ECF No. 6, Exh. A.

Plaintiffs argue that the clock did not start to run in January of 2006 due to "fraudulent disclosures." ECF No. 16 at 6. The fraudulent disclosure they allege is that the "actual lender was not known or identified." Id. Plaintiffs confirmed at hearing on the motions that they mean to argue that the loan was not "consummated" in January of 2006, as necessary to trigger the running of the limitations period, because the identity of the actual lender was not disclosed at that time.

As mentioned above, an individual's right to rescind her consumer credit transaction expires "three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). In turn, Regulation Z, the federal regulation that implements TILA, interprets "consummation" to mean "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). State law determines when a borrower becomes contractually obligated under Regulation Z. Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989) ("[w]hen a consumer "becomes contractually obligated" under Regulation Z "is, in turn, determined by looking to state law") (citing 12 C.F.R. Pt. 226, Supp. 1 (Official Staff Interpretations), Commentary 2(a)(13)).

"Under the law of California, as in most jurisdictions, no loan contract is formed if an essential element [of the contract] is missing." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1010 (9th Cir. 2003). One essential element of a contract under California law is "[p]arties capable of contracting." Jackson, 890 F.2d at 120. If this, or any other essential element of the

contract is reserved for the future agreement of both parties, "there is generally no legal obligation created until such an agreement is entered into." Id. Construing plaintiffs' argument liberally, the other party to Ms. Styles' loan – the lender – was never identified, and therefore the loan was never "consummated" under Regulation Z.

The DOT, which is subject to judicial notice, shows that all the parties to the DOT contract were, in fact, identified. ECF No. 6, Exh. A. The DOT shows "First Franklin, a Division of Nat. City Bank of Indiana" is the lender. Id. ECF No. 16 at 10. Plaintiffs offer no plausible factual support for any contention that First Franklin was not the actual lender, and the DOT itself is clear on its face.[4] Looking only to the complaint and to matters subject to judicial notice, it appears that Ms. Styles' ability to rescind the loan was extinguished in January 2009, three years after origination and more than eight years before plaintiffs filed this lawsuit. Plaintiffs' argument that the loans were not "consummated" in March 2009 (or thereafter), is not supported by anything appearing in the complaint or subject to judicial notice, or plausibly inferable from either.

### 2. *Equitable Tolling*

To the extent plaintiffs' argue their claims are preserved by equitable tolling, they are incorrect. ECF No. 16 at 11. Plaintiffs accurately note that "equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). Plaintiffs do not, however, provide any indication in their complaint or responsive briefing that there was any delay in their ability to discovery any alleged fraud or nondisclosures in this case. Plaintiffs give no reason (other than bare and unsupported allegations of fraud and non-disclosure) as to why equitable tolling should apply under the circumstances of this case. At oral argument, plaintiffs asserted

---

[4] At hearing on the motions, plaintiff's argued that the DOT's description of lender First Franklin as a "National Association," and use of the initials N.A. on other documents, shows that an unidentified entity or entities were the actual lender. The court rejects this suggestion. Specification of a financial institution's organizational structure does not indicate the existence of a shadow lender.

that they only recently discovered a provision of TILA that they believe support their cause of action. However, discovery of a new legal theory, as opposed to a new fact, is not grounds for equitable tolling. See, Martin v. Clay, No. 107CV-00707 LJO TAG, 2008 WL 4911329, at *4 (E.D. Cal. Nov. 13, 2008), report and recommendation adopted, No. 1:07-CV-00707 LJO TAG, 2009 WL 280484 (E.D. Cal. Feb. 5, 2009). Moreover, plaintiffs offer no reason why the legal basis for their claim could not have been discovered earlier. For all these reasons, plaintiffs' claims are not subject to equitable tolling and are time-barred.

*3. Dismissal with Prejudice is Proper*

The TILA claim is the only cause of action stated in the complaint. Accordingly, the time bar is grounds for dismissal of plaintiffs' complaint in its entirety. Although pro se litigants are generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, courts do not grant leave to amend where amendment would be futile. Noll, 809 F.2d at 1448. Because no amendment can cure the fact that plaintiff's complaint was filed several years late, dismissal should be without leave to amend.

### III. MOTION TO DECLARE PLAINTIFFS VEXATIOUS LITIGANTS

Separately from their motion to dismiss, defendants Deutsche Bank and Select Portfolio move to have plaintiffs declared vexatious litigants, and ask the court to issue a "narrowly tailored pre-filing order" which would subject to pre-filing review any complaint filed in this district concerning the foreclosure on, or their eviction from, the Property. ECF No. 10 at 2.

A. <u>Defendants' Request for Judicial Notice</u>

Defendants ask the court to take judicial notice two instances of prior litigation brought by plaintiffs: a first wrongful foreclosure action brought in state court in 2012 (ECF No. 10-1 Exh. C), and a second wrongful foreclosure action brought in state court in 2014 (ECF No. 10-1 at Exh. O). Defendants also note that Deutsche Bank filed an unlawful detainer action against plaintiffs in 2014. Id. at Exh. I.

The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.

1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned). Accordingly, the request will be granted and the court takes judicial notice of the above instances of litigation.

B. Legal Standard

The district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings, but "such pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148.

> [I]n De Long, [the Ninth Circuit] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. De Long, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." Id. at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Id. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." Id.

Molski, 500 F.3d at 4057. The first and second factors "are procedural considerations" while the third and fourth factors "are substantive considerations" which "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." Molski, 500 F.3d at 1057-58.

"In 'applying the two substantive factors,' [the Ninth Circuit has] held that a separate set of considerations employed by the Second Circuit Court of Appeals 'provides a helpful framework.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1058).

> The Second Circuit. . . has instructed district courts, in determining whether to enter a pre-filing order, to look at five factors: "(1) the litigant's history of

11

litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

### C. Analysis

As the court noted at oral argument, defendants have not come close to demonstrating that a vexatious litigant order is appropriate in this case. "A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit." Favor v. Harper, No. CV 17-0165-JGB (JEM), 2017 WL 132830, at *5 (C.D. Cal. Jan. 13, 2017). Without reaching the question whether plaintiff's previous actions had merit, two prior actions is a far cry from "numerous." Cases in which courts have considered vexatious litigant pre-filing orders have involved much more serious examples of abuse of the legal system. See, e.g., Favor, 2017 WL 132830, at *2 ("Favor has filed at least 50 actions in this district since 2014, and he continues to file new habeas petitions and civil rights complaints on a regular basis."), Molski, 500 F.3d at1050 ("[plaintiff] has filed about 400 lawsuits in the federal courts within the districts in California.")

"[P]re-filing orders are an extreme remedy that should rarely be used." Molski, 500 F.3d at 1057. The fact that plaintiffs filed two previous cases against defendants, both several years ago and both in state court, do not qualify plaintiffs as vexatious litigants in need of a pre-filing order in this district. Defendants' motion is DENIED.

## IV. CONCLUSION

For the reasons explained above, it is HEREBY ORDERED that defendants' motion to declare plaintiffs vexatious litigants (ECF No. 10) is DENIED.

Further, it is HEREBY RECOMMENDED that defendants' motions to dismiss (ECF No. 5 and ECF No. 7) be GRANTED and that this case be dismissed with prejudice and without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, parties may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: November 30, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE